**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**              **CIVIL NO.** 08-310 (FAB)

DAVID LOPEZ-ORTIZ [38],

    **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On September 2, 2008, a federal grand jury indicted seventy-four defendants for participation in a large drug conspiracy operating in the Altos de Cuba Ward in Vega Baja, Puerto Rico. (Docket No. 4)  Among those charged with offenses related to that conspiracy was defendant David Lopez-Ortiz ("Lopez-Ortiz"), who moved for the suppression of $450.00 currency seized from him on July 1, 2008.  In his suppression motion, Lopez-Ortiz alleged that the money was found as a result of an unlawful search of his person, in violation of the Fourth Amendment's protection against unreasonable searches and seizures.  The government argued in its response that the seizure was lawful.

On April 22, 2009, the United States Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 971), recommending

Civil No. 08-310 (FAB)                                                    2

that the defendant's motion to suppress be GRANTED.  The United
States objected to the R&R (Docket No. 1006) and requested a new
hearing for this Court's *de novo* review of the suppression issue.
At the *de novo* hearing held June 4, 2009, the Court heard
additional witness testimony, including that of certain PRPD Agents
which struck the Court as "contrived and incredible."  The Court
agreed with the magistrate judge's credibility determinations and
adopted the magistrate judge's R&R, thereby granting the
defendant's motion to suppress the currency found on his person.

On September 13, 2010, on the eve of the trial, the government
filed a motion *in limine* to preclude defense counsel from
presenting evidence, testimonial or otherwise, and to preclude
cross-examination questions that relate to the Court's and the
magistrate judge's credibility determinations.  Defense counsel
objected orally to the motion.  For the reasons set forth below,
the Court **GRANTS** in part and **DENIES** in part the government's
motion.

## I.   Admissibility of Relevant Evidence

The first question for the Court to decide is whether the
evidence pertaining to the credibility of the government witnesses
is relevant to the trial.  Rule 401 defines relevant evidence as
evidence "having any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Court finds that evidence bearing on the credibility of the PRPD agents is highly relevant because the agents provided conflicting versions of the events surrounding the defendant's search and the ultimate seizure of the currency. Thus, evidence regarding the credibility of the government witnesses is relevant and admissible under Rule 401 and Rule 402.

## II.  Balancing Test of Probative Value versus Prejudicial Effect

Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In deciding whether to admit or exclude such evidence, the Court balances the probative value of the evidence against unfair prejudicial effect. The First Circuit Court of Appeals has noted that "[u]nfairly prejudicial evidence is evidence having some quality that moves the jury to attribute to it excessive probative value. It is evidence that 'triggers [the] mainsprings of human action [in such a way as to] cause a jury to base its decision on something other than the established

proposition in the case." United States v. Gonzalez-Vazquez, 219 F.3d 37, 47 (1st Cir. 2000) (internal citations omitted).

The government argues that any testimony or evidence concerning any prior credibility determinations made by the Court or by the magistrate judge would be highly prejudicial to the government's case and would impede on the jury's responsibility to make credibility determinations for witnesses that testify at trial.  The Court agrees that admitting evidence of the Court or magistrate judge's credibility findings would result in unfair prejudice to the government, because it may "cause the jury to base its decision on something other than the established proposition in the case."  Id.  Allowing evidence to be admitted in the form of this Court's prior opinion or the opinion of the magistrate judge regarding the credibility of the government witnesses could improperly taint or influence the jury, who has the primary responsibility for making credibility determinations of witnesses.

The Court will not preclude defense counsel, however, from submitting evidence or testimony during cross examination of a government witness that would undermine that witness's credibility or character for truthfulness or untruthfulness, as permitted under Rule 608.  Evidence pertaining to witness credibility is highly probative, especially in this case where the truthfulness of the

PRPD agents has been in question, and district courts have "'wide latitude to impose reasonable limits' on cross-examination in order to avoid confusion of the issues or extended discussion of marginally relevant material." Id. at 45 (citing United States v. Twomey, 806 F.2d 1136, 1139 (1st Cir. 1986).  Allowing defense counsel to introduce admissible testimony or other evidence bearing on the government witnesses's character would not result in unfair prejudice to the government's case or unfairly influence the jury.

## III. Defendant's Sixth Amendment Right to Confront Witnesses Against Him

Lastly, the Court notes that defendant's Sixth Amendment rights are implicated in the government's motion.  The government's cursory acknowledgment of the defendant's right in a footnote belittles the issue, and ignores the fact that serious constitutional issues are at play.  The Confrontation Clause "secures a right to cross-examination in order to test 'the believability of a witness and the truth of his testimony.'" Id. at 45 (citing United States v. Carty, 993 F.2d 1005, 1009 (1st Cir. 1993).  The government is correct that this right is not unlimited, but it is within the trial court's discretion to limit cross-examination so long as the court allows "sufficient leeway to establish a reasonably complete picture of the witness' veracity,

bias, and motivation." _Id._ (citing <u>United States v. Laboy-Delgado</u>, 84 F.3d 22, 28 (1st Cir. 1996). The Court acknowledges that admitting evidence relating to the Court's and the magistrate judge's credibility determinations would not be appropriate in this case for the reasons already mentioned. Denying defense counsel the opportunity to present any evidence bearing on government witness's credibility would result in a violation of the Defendant's Sixth Amendment right to confront witnesses against him. Therefore, the Court will permit defense counsel to introduce admissible testimony and evidence related to the witnesses' character for truthfulness or untruthfulness as allowed under Rule 608. Specifically, evidence pertaining to the fact that the Government submitted an affidavit by an agent setting forth one version of the facts and then submitted testimony under oath by the agents alleging another version of the facts is probative of the witness's character for truthfulness and will be allowed to the extent that the evidence is admissible under the Federal Rules of Evidence. The specific findings and opinions of this Court and the magistrate judge regarding the witnesses' credibility determinations, however, will not be allowed. The Court **GRANTS** in part and **DENIES** in part the government's motion _in limine_.

Civil No. 08-310 (FAB)                                                    7

**CONCLUSION**

The Court **GRANTS** in part and **DENIES** in part the government's motion to preclude evidence concerning prior credibility determinations made by the Court or the magistrate judge.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 14, 2010.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE